IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BERNARD TOSHIRO HAZELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-110 |
| | ) | |
| STEVIE WOOTEN, Transport Sergeant, and | ) | |
| DAVE CHENEY, Medical Doctor, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **Screening the Amended Complaint**

  A.  **Background**

Plaintiff names the following Defendants: (1) Stevie Wooten, TSP Transport Sergeant; and (2) David Cheney, TSP Doctor. (Doc. no. 7, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff tripped while going up the stairs to his cell at TSP and injured his right knee. (Id. at 3.) Defendant Cheney examined Plaintiff sometime in September 2020 and informed him

that in four to six weeks, Plaintiff would be transported to Augusta State Medical Prison ("ASMP") for an MRI test on his knee. (Id.) The MRI test was performed on October 19, 2020, and the results were put in Plaintiff's medical file at TSP. (Id. at 4.) Plaintiff was then transported to Reidsville State Prison, where a doctor explained to Plaintiff the MRI test showed severe injury to Plaintiff's knee, and the doctor explained if Plaintiff did not have surgery "right away," he "could lose [his] knee." (Id.) Plaintiff agreed to have surgery and was told he would be brought back in four to six weeks for the procedure. (Id. at 4-5.)

When Plaintiff had not had his surgery six to eight months after agreeing to it, Plaintiff checked with a nurse at TSP about the status of the surgery, only to find out his medical file contained a form purporting to bear Plaintiff's signature that verified he had refused surgery on May 18, 2021. (Id. at 5.) The nurse compared Plaintiff's purported signature on the form to the signature of the person responsible for transporting Plaintiff on May 18th - Defendant Wooten - and concluded Plaintiff's signature had been forged, perhaps by Defendant Wooten. (Id. at 5-6.) The nurse then escorted Plaintiff to see Defendant Cheney, who also concluded Plaintiff's signature on the refusal of treatment form had been forged. (Id. at 6.) However, Defendant Cheney told Plaintiff he would have to repeat the whole process to get back on the surgery list, meaning Plaintiff would endure many more months of pain, injury, and medication. (Id.)

Plaintiff seeks an order directing immediate surgery on his knee, as well as monetary damages against both Defendants. (Id. at 10-12.)

   B.   **Discussion**

      1.   **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous,

2

malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Official Capacity Monetary Damages

Plaintiff is suing each Defendant in their individual and official capacities. (Doc. no. 7, p. 1.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against both Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all official capacity claims for monetary damages be **DISMISSED**. By separate Order, the Court directs service of process on Defendants for the remaining deliberate indifference claims.

SO REPORTED and RECOMMENDED this 10th day of November, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA