IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BERNARD TOSHIRO HAZELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 322-110 |
| | ) |
| STEVIE WOOTEN, Transport Sergeant, and | ) |
| DAVE CHENEY, Medical Doctor, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**

_____

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      Screening the Amended Complaint**

Plaintiff names the following Defendants: (1) Stevie Wooten, TSP Transport Sergeant; and (2) David Cheney, TSP Doctor. (Doc. no. 7, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff tripped while going up the stairs to his cell at TSP and injured his right knee. (Id. at 3.) Defendant Cheney examined Plaintiff sometime in September 2020 and informed him that in four to six weeks, Plaintiff would be transported to Augusta State Medical Prison

("ASMP") for an MRI test on his knee.  (Id.)  The MRI test was performed on October 19, 2020, and the results were put in Plaintiff's medical file at TSP.  (Id. at 4.)  Plaintiff was then transported to Reidsville State Prison, where a doctor explained to Plaintiff the MRI test showed severe injury to Plaintiff's knee, and the doctor explained if Plaintiff did not have surgery "right away," he "could lose [his] knee."  (Id.)  Plaintiff agreed to have surgery and was told he would be brought back in four to six weeks for the procedure.  (Id. at 4-5.)

When Plaintiff had not had his surgery six to eight months after agreeing to it, Plaintiff checked with a nurse at TSP about the status of the surgery, only to find out his medical file contained a form purporting to bear Plaintiff's signature that verified he had refused surgery on May 18, 2021.  (Id. at 5.)  The nurse compared Plaintiff's purported signature on the form to the signature of the person responsible for transporting Plaintiff on May 18th - Defendant Wooten - and concluded Plaintiff's signature had been forged, perhaps by Defendant Wooten.  (Id. at 5-6.)  The nurse then escorted Plaintiff to see Defendant Cheney, who also concluded Plaintiff's signature on the refusal of treatment form had been forged.  (Id. at 6.)  However, Defendant Cheney told Plaintiff he would have to repeat the whole process to get back on the surgery list, meaning Plaintiff would endure many more months of pain, injury, and medication.  (Id.)

Plaintiff seeks an order directing immediate surgery on his knee, as well as monetary damages against both Defendants. (Id. at 10-12.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable Eighth Amendment claim for deliberate indifference against Defendants Wooten and Cheney.  See McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999).  Accordingly, process shall issue as to these two Defendants.  In a companion Report and

Recommendation, the Court recommends dismissal of Plaintiff's official capacity claims for money damages against Defendants.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendants Wooten and Cheney. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 7), and this Order by first-class mail and request that each Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate each Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response,

4

and then only to the extent necessary; and when needed for use at trial.  If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth

specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 10th day of November, 2022, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA