IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BERNARD TOSHIRO HAZELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 322-110 |
| | ) |
| STEVIE WOOTEN, Transport Sergeant, and | ) |
| DAVE CHENEY, Medical Doctor, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, an inmate at Telfair State Prison in McRae, Georgia, is proceeding *pro se* and *in forma pauperis* in this case brought pursuant to 42 U.S.C. § 1983. Defendant Wooten filed a motion to dismiss, (doc. no. 28), and on February 28, 2023, the undersigned recommended granting that motion based upon finding Plaintiff had not exhausted his administrative remedies prior to filing this lawsuit, (doc. no. 39). Objections to that recommendation are due March 17, 2023. (See doc. no. 40.) On March 3, 2023, after noting he had raised the affirmative defense of failure to exhaust in his answer, Defendant Cheney filed his own motion to dismiss that "adopts and incorporates" the arguments raised in Defendant Wooten's motion to dismiss. (See doc. no. 41.)

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. If Plaintiff fails to respond, Defendant Cheney's motion will be deemed unopposed and granted, resulting in the

dismissal of the claims that are the subject matter of the motion.  See Loc. R. 7.5.

When, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the normal course is for the Court to determine whether the motion to dismiss should be treated as one for summary judgment and therefore disposed of as provided by Fed. R. Civ. P. 56.  Jones v. Automobile Ins. Co., 917 F.2d 1528, 1532 (11th Cir. 1990).  However, if the motion to dismiss raises the issue of exhaustion of administrative remedies,[1] the Eleventh Circuit has ruled:  "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

Although a motion to dismiss based on an exhaustion defense need not be converted to a motion for summary judgment, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Id. at 1376 (citations omitted).  Therefore, if the exhaustion issue cannot be resolved based on the pleadings alone, and if a defendant submits affidavits or other evidence in support of the motion to dismiss, the plaintiff must be given the opportunity to submit his own affidavits or other evidence contradicting a defendant's submissions.  See id.  Accordingly, as the motion to dismiss in this case raises the issue of exhaustion of administrative remedies, Plaintiff's response to the motion should include appropriate supporting affidavits or other documentary evidence he

---

[1] The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

may have to contest any exhaustion issue raised by Defendant Cheney.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Court **DIRECTS** the **CLERK** of **COURT** to attach a copy of Fed. R. Civ. P. 12 and 41 to Plaintiff's service copy of this Order.

SO ORDERED this 3rd day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA